01- 4857

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-LENARD

DONALD HALL,
Plaintiff

v.　　　　　　　　　　　　CASE NO_____

FLORIDA DEPARTMENT
OF CORRECTIONS,
et. al.
Defendants
_____/

MAGISTRATE JUDGE

## NOTICE OF REMOVAL BY FLORIDA DEPARTMENT OF CORRECTIONS

Pursuant to 28 U.S.C. §1441, et. seq., Defendant Florida Department of Corrections ("DOC") hereby removes this entire action to the United States District Court for the Southern District of Florida, and says:

1. Plaintiff is an inmate in the custody of DOC. Count II of his Complaint, attached hereto, purports to sue DOC for damages under 42 U.S.C. §1983 for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. This court has federal question jurisdiction under 28 U.S.C. §1331 to adjudicate these claims.

2. The Complaint also contains a state law negligence claim in Count II. DOC also removes the state law claim and requests that the court determine all issues in Count I. for so long as federal question jurisdiction should exist as to Count II.

WHEREFORE, Defendant Florida Department of Corrections removes this action to the District Court for the Southern District of Florida.



I CERTIFY that a copy hereof has been furnished by mail to Donald Hall, DC # 384929, Columbia Correctional Institution, Route 7, Box 376, U.S. 90, Lake City, Florida 32055-8767, on November 21, 2001.

Respectfully submitted,

ROBERT BUTTERWORTH
ATTORNEY GENERAL

David J. Glantz, Assistant Attorney General
Florida Bar No. 504238
Attorney for Florida Department of Corrections

OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301-5000
Telephone    (954) 712-4600
Fax          (954) 712-4708

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

| DIVISION<br>☑ CIVIL<br>☐ OTHER | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person | CASE NUMBER<br>01-16223 CA 20 |
|---|---|---|
| PLAINTIFF(S)<br>Donald Hall | VS. DEFENDANT(S)<br>Michael Moore, Sec.<br>et. al., | RECEIVED<br>DATE<br>TIME<br>BY<br>[stamp: METROPOLITAN SHERIFF, MIAMI-DADE COUNTY] |
| To Defendant(s):<br>C. Matthews | Address: Everglades Corr. Inst.,<br>1601 S.W. 187th Ave., Miami, FL 33185 | |

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch court locations are listed below for your convenience:

| Dade County Courthouse<br>Clerk of Courts<br>Room 133<br>73 West Flagler Street<br>Miami, Fl 33130 | Joseph Caleb Center(20)<br>Room 205<br>5400 NW 22 Avenue<br>Miami, Fl 33142 | North Dade Justice Ctr (23)<br>Room 100<br>15555 Biscayne Blvd.<br>No Miami Bch, Fl 33160 | SERVICE |
|---|---|---|---|
| Miami Beach District (24)<br>Room 224<br>1130 Washington Avenue<br>Miami Beach, Fl 33139 | Coral Gables District (25)<br>Room 100<br>3100 Ponce de Leon Blvd.<br>Coral Gables, Fl 33134 | South Dade Justice Ctr (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, Fl 33189 | |

| Plaintiff/Plaintiff's Attorney<br>Florida Bar No. Donald Hall PC #384929 | Address: Columbia Correctional Institution<br>Route 1 Box 396, Lake City, FL 32055-8916 |

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this on the above named defendant.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____ DEPUTY CLERK | 7/14 82<br>DATE /3/27/96 |

### AMERICANS WITH DISABILITIES ACT OF 1990
IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE DADE COUNTY COURT'S ADA COORDINATOR AT 73 WEST FLAGLER STREET, ROOM 1600, MIAMI, FLORIDA 33130, TELEPHONE NUMBERS (305) 375-2006 FOR VOICE, (305) 375-2007 FOR TDD AND (305) 350-6205 FOR FAX, WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS DOCUMENT. TDD USERS MAY ALSO CALL 1-800-955-8771, FOR THE FLORIDA RELAY SERVICE.

CLK/CT 70 REV. 3/01                                              Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY FLORIDA

DONALD HALL
   PLAINTIFF

VS.

CASE NO.

FLORIDA DEPARTMENT OF CORRECTIONS;
SECRETARY, MICHEAL MOORE
OFFICER, SHANE CAMPBELL
WARDEN, C. MATTHEWS
ASST. WARDEN, H. J. SERMON
ASST. WARDEN, RHODES
COLONEL, ABEL PRICE
CAPTAIN, ESTEVEDO
SERGEANT, JUAREZ
CLASSIFICATION, SALAZAR
CLASSIFICATION, FRANK CAREY
CLASSIFICATION, K. MOORE
REPRESENTATIVE, L. PLATT, ARE SUED
IN THEIR INDIVIDUALLY AND OFFICIAL
CAPACITIES E.T., AL.;
   DEFENDANT(S)

## COMPLAINT

COMES NOW, PLAINTIFF, DONALD HALL, PRO SE, AND FILES TORT COMPLAINT AND MAKES AS FOLLOWS:

### PART I: JURISDICTION

1. THIS ACTION IS IN EXCESS OF $15,000 WITHIN THE SUBJECT MATTER JURISDICTION OF THIS COURT.

1.

2. Federal Laws Grants This Court Concurrent Jurisdiction With United States Courts Over Civil Rights Claims Under Title 42 Section 1983 United States Code.

3. This Cause Of Action Accrued In Miami-Dade County Rendering Venue Proper.

4. All Defendants Are Agencies Of The State Of Florida, And Maintain And Office For The Regular Transaction Of Business Within This Jurisdiction.

5. On Belief, All Individually Defendants Resides Within Judicial Circuit Miami-Dade County, Although Disclosure Of A Law Enforcement Officer's Home Address Is Illegal.

## Part II: Parties

6. Plaintiff Donald Hall Is And Was At All Relevant Times Inmate Number 384929, An Inmate Of The Department Of Corrections An Agency Of The State Of Florida For Which The State Has Waived Sovereign Tort Immunity By 768.28 Fla. Stat. (1997) An Acts Under Color Of State Law For The Purposes Of 42 U.S.C. 1983.

7. Defendant(s) Is Correction Officer's And Employee's Or Agents Of Department Of Corrections At Everglades Correctional Institution 1601 SW 187th Ave. Miami, Florida 33185; And, Their Sued In Their Official And Individually Per 768.28, And 42 U.S.C. 1983, And Also As And Individual In A Ordinary Florida Tort Case.

## Part III: The Facts

8. On August 21, 1998, Plaintiff, Donald Hall, DC #384929 Was Assigned To Everglades Correctional Institution 1601 SW 187th Ave. Miami, Florida 33185.

9. On April 6, 2000, Plaintiff was evacuated and transferred to South Florida Reception Center via fire threat to his permanent institution Everglades Corrections, in which the Plaintiff resided.

10. On April 7, 2000, Plaintiff were transferred back to his permanent institution Everglades, as a conclusion to the fire threat.

11. On April 14, 2000, Plaintiff was confined by (DOC) Staff Captain Estevedo, eight day window for a disciplinary report written at South Florida Reception Center by one Officer Shane Campbell, violation codes (1-1) Assault or attempt: A quasi investigation commenced, and Plaintiff requested his (Roommate) be listed as a witness; who's to be proportionated in the facts of the disciplinary report per Florida Administrative Codes Chapter 33-601.304(2).

12. On April 18, 2000, Plaintiff requested his (Roommate) to be present; at which time he was told his roommate had been deported; and the hearing convened and Plaintiff was found guilty by the two panel disciplinary team at Everglades, vicariously for Department of Corrections, Sgt. Juarez, Classification Salazar, and condemned to sixty days consecutive with three hundred sixty four days forfeited gain-time.

13. On April 18, 2000, Plaintiff appealed the decision utilizing DC1-303 form to: Warden C. Matthews at Everglades.

14. On April 18, 2000, Plaintiff simultaneously filed informal grievances utilizing DC3-005, against Captain Estevedo, Sgt. Juarez, Class. Salazar, without response or acknowledgement; complaining against their negligence in the handling of the Plaintiff's liberty, and with superior knowledge, withholding exculpatory information, knew or should have been known in the Plaintiff's disciplinary hearing.

15. On May 5, 2000, Plaintiff simultaneously filed formal grievances in company attached, informals reference to: Captain Estevedo, Sgt. Juarez, Class. Salazar; which Warden C. Matthews and Asst. Warden H.J. Sermon, determined the grievances to be time barred, that the fifteen days had exceeded the incident citing F.A.C. 33-103.011(1)(b)(2); But of course, with the exercise of due diligence and the adequate investigation, this violation could have been precluded, but rather proceeded to undermine the Plaintiff's relief; where the Plaintiff utilizing DC3-005 compliance with F.A.C. 33-29.005; prior compliance with F.A.C. 33-29.006, in further relief.

16. On April 27, 2000, Plaintiff filed DC1-303 formal grievance with Fla. Secretary Department of Corrections, Log Number 00-611226; in complaint against the Institution's (E.C.I.) failure to acknowledge and respond to Plaintiff grievances in a timely fashion; a endeavor to undermine the time frame in relief.

17. On May 5, 2000, Plaintiff, after long last, as a result to the grievance filed with Fla. Secretary, received acknowledgement receipts Log Number 00-1054; to the teams finding of guilt, and with all deliberate speeds filed amended appeal, Log Number 00-1240.

18. On May 22, 2000, Plaintiff's appeals Log Number 00-1054; and amended Log Number 00-1240; was summarily denied by Institution; C. Matthews and Asst. Warden H.J. Sermon, and returned without further process citing F.A.C. 33-103.011(1)(b)(2); that a decision had been rendered reference to: amended appeal Log Number 00-1240.

4.

19. On May 25, 2000, Plaintiff's Filed-Appeal Log Number 00-613457, with Fla. Secretary Department of Corrections, for Further Review to the Erroneous Denial Rendered at the Institution.

20. On June 9, 2000, Plaintiff's Appeals Log Number 00-614782, Filed with Fla. Secretary Department of Corrections; was Summarily Denied; and Returned Without Action Reference To: Captain Estevedo, Sgt. Juarez, Class. Salazar; in Their Negligent Handling of the Plaintiff's Liberty to Inadequate Notice of Disciplinary Report, Insufficiently Delineated to Warrant a Disciplinary Decision Without Competent Investigation; Where the Outcome Would Have Been Different.

21. On June 15, 2000, Plaintiff's Appeal Log Number 00-613457, Filed with Secretary Department of Corrections, was Denied by Representative L. Platt, Vicariously for Dept. of Corr. Tallahassee, Florida.

22. On June 19, 2000, Two Days Exceeding The Plaintiff's Official Confinement Release Date; While Being Illegally Detained: Classification Frank Carey, Hand Delivered Notice to the Plaintiff for Close Management Review One: This Notice Was Premeditatedly Designed to Deliberately Inflict Cruel and Unusual Punishment to the Plaintiff for Utilizing Grievance Procedures in His Civil Rights Defense. Plaintiff's Penal Files Shows No Opposed Threat to Security. Otherwise, There's No Penalogical Justification for Their Recommendation.

RECOMMENDATION/COMMENTS: READ:

INMATE HALL; DONALD DC#384929 WAS RECEIVED AT EVCI ON 8/21/98. ON 4/6/00 HALL ATTACKED CORRECTIONAL OFFICER CAMPBELL WITH A BROOM AFTER PUSHING OFFICER'S SHOULDER WHILE RUSHING AT OFFICER WHEN HE ENTERED INMATES HALL CELL K1101. AS PER F.A.C. CHAPTER 33-601.802(3) ASSAULTING OR ATTEMPTING THE ASSAULT OF AN OFFICER MAKES THE INMATE ELIGIBLE FOR CLOSE MANAGEMENT ONE.

23. ON JUNE 20, 2000, PLAINTIFF, AFTER HE HAD EXHAUSTED ALL OF HIS ADMINISTRATIVE REMEDIES, FILED WRIT OF MANDAMUS CASE NUMBER F00-22580 IN THE CIRCUIT COURT MIAMI-DADE COUNTY FLORIDA.

24. ON JUNE 27, 2000, PLAINTIFF FILED INFORMAL GRIEVANCE WITH THE INSTITUTIONS WARDEN C. MATTHEWS; IN REGARDS TO THE FACTS DELINEATED IN THE PLAINTIFF'S RECOMMENDATION/COMMENTS, DISTINCT BY NATURE CONTRARY TO THE WRITTEN DISCIPLINARY REPORT; AND THAT OUR LAWS RECOGNIZES ORAL AND WRITTEN FABRICATIONS PER FLA. STAT. 837.06; AND, THAT TORT IS APPLICABLE IF IT CAUSES DAMAGES.

25. ON JULY 13, 2000, PLAINTIFF'S CLOSE MANAGEMENT REVIEW HEARING WAS CONVENED; VICARIOUSLY FOR THE DEPARTMENT OF CORRECTIONS; COLONEL ABEL PRICE; CLASSIFICATION MS. K. MOORE, AND ASST. WARDEN RHODES; RENDERED THEIR DECISION BASED ON THE FACTS IN THE RECOMMENDATION; PREMEDITATEDLY DESIGNED; CHARACTERIZED IN A PROPENSITY TO PHATASM THE READER'S MIND TO THE DETRIMENT OF THE PLAINTIFF. THESE FACTS DELINEATED IN THE PLAINTIFF'S RECOMMENDATION/COMMENTS HAD BEEN ALTERED; INCLINED BY WORDS; TO INTENSIFY THE TEAMS RECOMMENDATION. THUS, PLAINTIFF HAD BEEN (sic) PUT BEFORE A TRIER OF FACTS; AND, REVIEW TEAM WAS WITHOUT POWER TO MAKE A DETERMINATION REGARDING THE PLAINTIFF GUILT OR INNOCENCE; AND, THAT DOUBLE JEOPARDY CLAUSE PROHIBITED COLLATERAL REVIEW, WHETHER ALTERED OR INCLINED BY WORDS; TO DISGUISE THE PROCEEDINGS.

DISCIPLINARY REPORT READS:

On 4/6/00 at approximately 9:40 P.M. Officer M.J. Rodriguez and I entered Room K1101, at which time Inmate Hall, Donald DC# 384929 rushed the cell door pulling it open. Inmate Hall pushed my left shoulder grabbed a broom and started swinging it. Inmate Hall was secured in the day room of Section "A" until back up units arrived. Inmate Hall was secured and placed in confinement.

26. On July 20, 2000, Plaintiff was escorted to Fox Dormitory, a.k.a. "Death Row," to commence his collateral segregation to the Teams (sic) recommendation. In short, Fox Dormitory is a solitary segregation, and the only privileges is letter communication; a punishment designed to inflict cruel and unusual punishment; and, impinges emotional distress/mental anguish to the capacity of the inmates.

27. On July 28, 2000, Plaintiff's response was delivered him reference: Informal Grievance filed with Institution Warden C. Matthews, adopted Respondent, Ms K. Moore; who determined the grievance to be broad, general, vague in nature that it can not be clearly, investigated, evaluated and responded to.

28. On August 4, 2000, Plaintiff filed Formal Grievance with the Institution, Log Number 00-1925; where Asst. Warden H.J. Sermon (Individually), determined the grievance to be broad, general, vague in nature that it can not be clearly, investigated, evaluated and responded to: Adopting prior response.

29. On September 5, 2000, Plaintiff filed appeal with Sec. Dept. of Corrections in reference: Log Number 00-1925; for further review to the Institutions (sic) response.

30. On September 12, 2000, Plaintiff was transferred to Columbia Correctional Institution; a unsolicited surreptitious repugnant thought to undermine the current litigations; a punishment for Plaintiff utilizing grievance procedures in his civil rights defense.

31. ON SEPTEMBER 21, 2000, PLAINTIFF'S APPEAL WAS RETURNED TO SENDER FOR UNDUE POSTAGE FEE'S REFERENCE LOG NUMBER 00-1925; AND, WITH ALL DELIBERATE SPEEDS PLAINTIFF RESUBMITTED HIS APPEAL WITH SEC. DEPT. OF CORRECTIONS; AND, NOTED: THAT THE INSTITUTION MAILROOMS ARE OBLIGATED TO FURNISHED POSTAGE FEE'S TO APPEALS ADDRESSED TO THE BUREAU TALLAHASSEE.

32. ON SEPTEMBER 28, 2000, PLAINTIFF'S ACKNOWLEDGEMENT RECEIPT LOG NUMBER 00-625178 REFERENCE LOG NUMBER 00-1925; WAS DELIVERED HIM AT COLUMBIA CORRECTIONAL INSTITUTION.

33. ON OCTOBER 10, 2000, PLAINTIFF'S WRIT OF MANDAMUS CASE NUMBER F00-22580; WAS DENIED IN OPEN COURT MIAMI-DADE COUNTY, FLORIDA: ABSENT PLAINTIFF'S OPPOSITION MOTION FILED 10-9-00.

34. ON OCTOBER 20, 2000, PLAINTIFF RECEIVED THE COURT'S ORDER TO THE DENIAL OF WRIT OF MANDAMUS REFERENCE CASE NUMBER 00-22580, WHICH HAD BEEN FORWARDED TO PLAINTIFF'S PREVIOUS INSTITUTION; FOR THE PLAINTIFF HAD NOTIFIED THE COURTS CLERK VIA MOTION OF ADDRESS CHANGE: ON BELIEF THE CURRENT INSTITUTION COLUMBIA CORR. INST., HAS ADOPTED TO ENGAGE SUPPORT IN THE CURRENT LITIGATION VIA CONSPIRACY, I.E., BY KEEPING A FACSIMILE OF THE PLAINTIFF'S COMPLAINT, AND NOTIFYING DEFENDANT(S); AND, BUT NOT LIMITED TO THE MAILROOM SPYING ON INCOMING OUTGOING MAILS BEYOND THE SCOPES OF POLICIES, PROCEDURES, RULES, LAWS, AND CONSTITUTION; I.E., LAW CLERKS INFRIGEMENT ATTORNEY/CLIENT PRIVILEGES NULLIFYING THE LAWS CONFIDENTIALITY CODES; RECALL THE PLAINTIFF IS IN SOLITARY SEGREGATION, AND SECURITY STAFF IS RESPONSIBLE FOR PICK UP AND DELIVERY OF MAILINGS WHICH HAS BEEN INCONSISTENT DUE TO THE NEGLIGENCE OF PLAINTIFF'S CONFIDENTIALITY AND SENSITIVE NATURE OF COMPLAINT.

35. On October 24, 2000, Plaintiff filed Rehearing and/or Clarification to the Denial of Writ of Mandamus; and, if Denied will exhaust all Judicial Resources.

36. On October 24, 2000, Plaintiff received Response Sec. Dept. of Corrections Reference Log Number 00-625178; and Representative L. Platt. Suggested that the Plaintiff Resubmit His Appeal Attaching Log Number 00-625178; Claiming that No Attachments Were In Company With Plaintiff's Refile 9/21/00; And, That the Plaintiff Has (15) Days To Resubmit: Instead, The Plaintiff Filed For Clarification; For Mr. Platt Indicated Via Response That He Solicited A Facsimile Of Log Number 00-1925 From The Institution, Which Is The Same Copy Forwarded To Him By The Plaintiff; And The Only Makeup Is It's Been Sculptured In Response And Log Number, That Did Not Apply On Refile: Otherwise, It Would Be No Need For Plaintiff To Refile; And, No Additional Log Number Would Be Necessary; For Mr. Platt Claims He Received Both Appeals On The Exact Same Date 9/25/00: A Logical And Plausible Explanation Is That Mr. Platt Altered The Dates On The Appeals Including The New Log, Which He Purportedly Going To Forward The Plaintiff To Undermine The Time Frame With Expectation That Plaintiff Would Already Have Resubmitted Log Number 00-625178 With Attachments To Exonerate Log Number 00-625178; And Implement The New Log 00-625665, Which Was Mailed By The Bureau On 10/2/00; Not Only Was His Mind Deceitful; But Also His Timing Suffered Distortion Gravely.

37. On November 3, 2000, Plaintiff received Response Log Number 00-625665 Reference Log Number 00-1925, at Columbia Corr. Inst.; And in this Response, Representative L. Platt, fraudulently misrepresents the dates, and suggested that the Plaintiff Refile: Stating the Plaintiff should be more concise when stating issues. This is rather Repugnant coming from Mr. Platt, for he has been in Collusion with the Institution from beginning to this current date of this entire process in Appeal; where Plaintiff commenced his appeal in Provision Administrative Codes, prior implementing Statutes, Laws, Constitution, and involving the Courts for Relief; and the Institution, i.e., Mr. Platt, has passed up many opportunities to correct this error. Mr. Platt had notice on the face of the face of the appeals that something highly irregularly was afoot, i.e., Everglades Staff in Retaliation against Plaintiff for utilizing Grievance Procedures, but rather adopted and ratified their Fraudulent behavior's via Conspiracy; Recall Mr. Platt misrepresented the dates on the Appeals; and the claim of insufficient postage fee's; and, he claims that no attachments was in company Reference Log Number 00-625178; in a endeavor to undermine Plaintiff's Time Frame in Filing; who's credibility stands gravely suspect.

38. On Belief, the Department, including but not limited to the Staff at Everglades, allowed or ordered the Plaintiff's Civil Rights be violated by negligently failing to supervise Staff in the handling of Plaintiff's Liberty; and could have setforth a hardship on their Insurance Carrier's where Monetary Judgment can be entered against them, and could be fired, demoted, or otherwise sanctioned. Within the Statutory Time Frames, Plaintiff has noticed and served the Department of Insurance, Department of Corrections, and the Attorney General of Florida with the Facts and Claims herein, to wit, by supplying them with a substantially identical copy of this Complaint.

PART IV CLAIMS FOR RELIEF
COUNT I - NEGLIGENCE

37. THE FACTS ESTABLISHED HEREIN MR. HALL'S COMPLAINT CLEARLY DEMONSTRATES NEGLIGENCE IN CONJUNCTION WITH CIVIL RIGHTS VIOLATIONS, AND ALL DEFENDANTS ARE VICARIOUSLY FOR THE DEPARTMENT OF CORRECTIONS; AT ALL TIMES RELEVANT, HAD A DUTY VESTED IN THEIR INDIVIDUALLY, TO ASSURE THAT ALL POLICIES, PROCEDURES, RULES AND LAWS; PROMULGATED FOR THE IMPLEMENTING OF SUPERVISION IN THE HANDLING OF MR. HALL'S LIBERTY, FALLS IN COMPLIANCES WITH ALL ADMINISTRATIVE AND CONSTITUTIONAL RULES AND LAWS TO PROVIDE PRECAUTION IN THE HANDLING OF MR. HALL'S LIBERTY UNDER THEIR SUPERVISION AND, IF RECKLESS, FLAGRANT, EXCESSIVE, WHETHER BY ACTS OF OMISSION OR COMMISSION, SO AS TO EXHIBIT A WILLFUL AND WANTON DISREGARDS IN THEIR INDIVIDUALLY; IMPUTES PERSONAL LIABILITY TO THEIR INDIVIDUALLY, ABOVE AND BEYOND ANY NEGLIGENCE ATTRIBUTED IN THEIR OFFICIAL CAPACITIES; FOR NEGLIGENCE WAS THE PROXIMATE CAUSE MR. HALL HAD TO SUFFER TO WIT:

    1. EMOTIONAL DISTRESS / MENTAL ANGUISH
    2. COLLATERAL SEGREGATION / CRUEL AND UNUSUAL PUNISHMENT
    3. DUE PROCESS VIOLATION

DEFENDANTS DELIBERATELY WITH BADFAITH, NEGLIGENTLY VIOLATED MR. HALL'S CIVIL RIGHTS, GUARANTEEING THE RIGHT TO REMAIN IN OPEN POPULATION; AND, AS A RESULT OF HIS EMOTIONAL DISTRESS / MENTAL ANGUISH; AND, THE DEFENDANTS NEGLIGENCE, MR. HALL WILL SUFFER FUTURE INCOME LOSSES, AND WILL INCUR MEDICAL EXPENSES UPON HIS RELEASE, IN WHICH HE WILL BE OBLIGATED TO PAY FOR, AND ALL DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR MONETARY DAMAGES IN THEIR INDIVIDUALLY AND OFFICIAL CAPACITIES.

## Count II - Civil Rights Violation

38. The facts established herein Mr. Hall's complaint clearly demonstrates inadequate notice of disciplinary report, and the action taken were professionally incompetent, and violated Mr. Hall's civil rights under the First, Fifth, Eighth, and Fourteenth Amendment's to the United States Constitution, guaranteeing the right to freedom of speech and right to petition the Government for a redress of grievances, and guaranteeing the right to remain in open population, and the protection that any person be subject for the same offense to be twice put in jeopardy of life or limb; nor cruel and unusual punishment inflicted.

Mr. Hall received inadequate notice of disciplinary report, eight days exceeding time for process and delivery by South Florida Reception Center, where Mr. Hall was transferred one day after the purportedly incident transpired; and, confined eight days later by Everglades staff at his permanent institution. This violated Mr. Hall's due process rights and their own rules provision administrative codes F.A.C. 33-601.304(2); where the officer declined to proportionate Mr. Hall's (roommate) incorporated in the facts of his disciplinary report; and, F.A.C. Chapter 33-601.311(2)(4)(3); indicates disciplinary procedures via transfers, SHALL be handled as a classification matter not as a disciplinary decision; exceptional circumstances. One day is highly dispositive for a claim when S.F.R.C. initiated the report not E.C.I. For it were highly impossible, i.e., for Mr. Hall to list or recall witnesses after only spending one day at a new facility; which Mr. Hall did make known to the investigator, and at his hearing, that he wanted his (roommate) listed and to be called as a witness in his disciplinary proceedings; at which time Mr. Hall was told his roommate had been deported.

12.

Mr. Hall as a result, to inadequate notice of disciplinary report, and transfer, lost his weekend visitation with his wife and kid's, phone call privileges, television privileges, recreation weight lifting privileges, church privileges, and personal use of law library. This violated Mr. Hall's civil rights under the Fourteenth Amendment's to the United States Constitution.

Subsequently, Mr. Hall was taken before a disciplinary hearing, found guilty and condemned to sixty days confinement consecutive with three hundred sixty four days forfeited gain-time; and, the factfinder's at Mr. Hall's disciplinary hearing withheld exculpatory information, knew or should have been known; where the outcome would have been different, provided their compliance provisions administrative codes F.A.C. Chapter 33-601.304(2); in conjunction F.A.C. Chapter 33-601.311(2)(A)(B); prior their decision to proceed in violation of Mr. Hall's civil rights under the Eighth Amendment's, which ban on inflicting cruel and unusual punishment made applicable by the Fourteenth Amendment, proscribes more than physically barbarous punishment, it prohibits penalties that are grossly disproportionate of offenses, as well as those that transgress civilized standards, humanity, and decency. This performance by the defendants, violated Mr. Hall's civil rights under the Eighth, and Fourteenth Amendment's to the United States Constitution.

Mr. Hall's civil rights under the First Amendment's applicable by the Fourteenth Amendment's, were premeditatedly designed, in retaliation against him for utilizing grievance procedures in his civil rights defense reference to: Captain Esteveh, Sgt. Juarez, Class. Salazar; in their negligent handling of Mr. Hall's liberty, and withholding exculpatory information; guaranteeing the right to freedom of speech and right to petition the government for a redress of grievances; violated Mr. Hall's civil rights under the First, and Fourteenth Amendment's to the United States Constitution.

13.

Mr. Hall received inadequate notice and services for Close Management Review, two days exceeding his official confinement release date; an act by the defendants deliberately to inflict cruel and unusual punishment via extensive collateral segregation, which the Fifth Amendment's ban on collateral punishments applicable by the Fourteenth Amendment's; and, that Mr. Hall was before a trier of facts in his disciplinary hearing, prior delivery of notice for collateral review and segregation. This episodes smacks of conspiracy by the defendants badfaith deliberately to inflict cruel and unusual punishment to Mr. Hall for utilizing grievance procedures; violated Mr. Hall's civil rights under the First, Fifth, Eighth, and Fourteenth Amendment's to the United States Constitution.

Relevant to Mr. Hall's recommendation/comments, it had been altered by words deliberately to influence a team not acting under collusion recommendation: for the teams mind was premeditated, and Mr. Hall was handicapped in the stage performance via conspiracy deliberately to inflict collateral segregation, and cruel and unusual punishment for Mr. Hall utilizing grievance procedures applicable by the Fourteenth Amendment's; and, as a result violated Fla. Statutes 837.06, and Mr. Hall's civil rights under the First, Fifth, Eighth, and Fourteenth Amendment's to the United States Constitution.

Shortly after Mr. Hall was transferred to Columbia Corr. Inst., where he slowly deteriorates in solitary confinement, as a result of his right to petition the government for a redress of grievances, violated Mr. Hall's civil rights under the First, Eighth, and Fourteenth Amendment's to the United States Constitution.

Representative L. Platt, violated Mr. Hall's civil rights via conspiracy, an unlawful combination of agreement between two or more persons to carry into effect a purpose hurtful to some individual, or class, or the public at large. Traditionally our laws has considered conspiracy and the completed substantive offense to be separate crimes. Mr. Platt, and the staff at Everglades engage into conspiracy against Mr. Hall, deliberately with badfaith for Mr. Hall petitioning the government for a redress of grievances; violated Mr. Hall's civil rights under the First, and Fourteenth Amendment's to the United States Constitution.

DEFENDANTS DELIBERATELY, AND MALICIOUSLY, WITH BAD FAITH, VIOLATED MR. HALL'S CIVIL RIGHTS UNDER THE FIRST, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT'S TO THE UNITED STATES CONSTITUTION, AND ALL DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR MONETARY DAMAGES IN THEIR INDIVIDUALLY AND OFFICIAL CAPACITIES UNDER 42 U.S.C. § 1983.

PART V: PRAYER FOR RELIEF

WHEREFORE, MR. HALL DEMANDS DAMAGES OF THE DEFENDANTS JOINTLY AND SEVERALLY COMPENSATORY AND PUNITIVE DAMAGES SAME AS FOLLOWS:

DAMAGES FOR NEGLIGENCE IN THE AMOUNT OF $250,000.00;

DAMAGES FOR EMOTIONAL DISTRESS/MENTAL ANGUISH IN THE AMOUNT OF $250,000.00;

DAMAGES FOR CIVIL RIGHTS VIOLATION IN THE AMOUNT OF $250,000.00 FOR EACH CIVIL RIGHT VIOLATED; AND, WHATEVER AMOUNT THE JURY AWARDS; AND,

SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER; AND,

THE PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

SWORN AND SUBSCRIBED, BEFORE ME THIS _____ DAY OF _____, 2000.

BY _____, WHO PRODUCED FLORIDA STATE PRISON I.D. CARD No. _____ (TYPE IDENTIFICATION)

_____
SIGNATURE OF NOTARY
(SEAL)

BY: _____

DONALD HALL #384929
COLUMBIA CORR. INST.,
ROUTE 7 BOX 376
LAKE CITY, FL 32025-8176

# CIVIL COVER SHEET

JS 44 (Rev. 12/96)

01-4857 CIV-LENARD

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald Hall

## DEFENDANTS
Florida Department of Corrections, et.al

MAGISTRATE JUDGE SORRENTINO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ADADEVIA 4857/JAL/CHS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se

ATTORNEYS (IF KNOWN)
David Glantz, Assistant Attorney General, 110 SE 6th St., Ft. Lauderdale FL 33301

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

Nature of suit: ☒ 440 Other Civil Rights

## VI. CAUSE OF ACTION
42 USC 1983

LENGTH OF TRIAL: via 2 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ $250,000
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

DATE: 11-19-01

$150.00 85353

11/26/01